IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| AL KOWALSKI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>YELLOWPAGES.COM, LLC, AT&T INC., and their Predecessors, Successors, and/or Assigns, and JOHN DOES 1-10 (being those officers, employees, directors, or other individuals who are responsible for, or participated in the conduct forming the basis of the Plaintiffs' claims) and CORPORATE ROES 1-10 (being entities, corporations, or other companies not herein named who are responsible for, or participated in the conduct forming the basis of the Plaintiffs' claims),<br><br>        Defendants. | **Civil Action No. 09-2382 (PGS)-(ES)** |

**DEFENDANT YELLOWPAGES.COM, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant YellowPages.com, LLC ("YellowPages.com") hereby answers the Complaint of Al Kowalski, on behalf of himself and all other similarly situated ("Plaintiff"), as follows:

**Response to Plaintiff's "Introduction":** YellowPages.com admits that the first sentence of the "Introduction" summarizes the allegations of Plaintiff's Complaint but denies that YellowPages.com engaged in any "deceptive and fraudulent business practices" and denies any remaining allegations in the first sentence. YellowPages.com admits that the second sentence accurately quotes language from its Website. YellowPages.com admits the

allegations of the third sentence.  With respect to the allegations of the fourth sentence, YellowPages.com admits that it is in the business of providing advertising services but denies any remaining allegations in that sentence.  With respect to the allegations of the fifth sentence, Plaintiff's assertions as to what YellowPages.com "represents to customers" is too vague and general to admit or deny, and are therefore denied in their entirety.  YellowPages.com denies the allegations of the sixth sentence.  To the extent not admitted above, YellowPages.com denies the remaining allegations in the "Introduction."

1. YellowPages.com denies paragraph 1.

2. YellowPages.com denies paragraph 2.

3. YellowPages.com denies paragraph 3.

4. YellowPages.com admits the first and second sentences of paragraph 4. YellowPages.com also admits that paragraph 2 of the "Terms and Conditions for Internet Advertising" states that the term of the Agreement "commences on the date of execution by you (either in writing or by electronic signature, including recorded oral acceptance of this Agreement of an Order presented by us) and shall (subject to our right hereunder to terminate or suspend our performance or remove Advertising Products under circumstances specified in this Agreement) continue until we have fulfilled the Advertising Products specified in the Order for the Initial Term specified in the Order."  To the extent not admitted above, YellowPages.com denies the remaining allegations set forth in paragraph 4.

5. YellowPages.com denies paragraph 5.

6. YellowPages.com denies paragraph 6.

7. YellowPages.com admits that Plaintiff purports to represent a putative class but denies that class certification is appropriate and denies all remaining allegations in paragraph 7.

8. YellowPages.com states that the forum selection clause in the "Terms and Conditions for Internet Advertising" provides that "any action or proceeding brought by [the advertiser] under or relating to this Agreement shall be brought in a state or federal court located in the City of New York, State of New York," and further provides that the advertiser "irrevocably submit[s] to the personal jurisdiction of and irrevocably consent[s] to venue in such courts for purposes of any such action or proceeding."  YellowPages.com therefore denies paragraph 8.

9. YellowPages.com denies paragraph 9.

10. YellowPages.com denies paragraph 10.

11. YellowPages.com denies paragraph 11.

12. YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 12.

13. YellowPages.com admits paragraph 13.

14. YellowPages.com admits the first and third sentences of paragraph 14. YellowPages.com denies the second sentence of paragraph 14.

15. YellowPages.com admits that on or about October 31, 2008, Al Kowalski contacted YellowPages.com.  YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 15.

US2008 674583.5

16. YellowPages.com admits that Mr. Kowalski spoke with sales representative Royce Brown but denies any remaining allegations of paragraph 16.

17. YellowPages.com admits the first sentence of paragraph 17. YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 17.

18. YellowPages.com denies paragraph 18.

19. YellowPages.com admits paragraph 19.

20. YellowPages.com admits that Mr. Brown described the areas in which Mr. Kowalski's advertising would appear if he purchased YellowPages.com advertising but denies any remaining allegations of paragraph 20.

21. YellowPages.com admits paragraph 21.

22. YellowPages.com denies paragraph 22.

23. YellowPages.com denies paragraph 23.

24. YellowPages.com denies paragraph 24.

25. YellowPages.com denies paragraph 25.

26. YellowPages.com denies paragraph 26.

27. YellowPages.com denies paragraph 27.

28. YellowPages.com denies paragraph 28.

29. YellowPages.com denies paragraph 29.

30. YellowPages.com denies paragraph 30.

31. YellowPages.com denies paragraph 31.

32. YellowPages.com denies paragraph 32.

33.     YellowPages.com is without knowledge or information sufficient to form a belief as to the allegations of paragraph 33.

34.     YellowPages.com states that the terms of the "Contract for Internet YellowPages.com Advertising" speak for themselves and denies the allegations of paragraph 34 to the extent inconsistent with that Contract.

35.     YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 35.

36.     YellowPages.com admits that it does not have a "Contract for Internet YellowPages.com Advertising" signed by Mr. Kowalski but otherwise denies paragraph 36.

37.     YellowPages.com admits paragraph 37.

38.     YellowPages.com admits that it sent Plaintiff a document entitled "Terms and Conditions for Internet Advertising."  YellowPages.com denies the remainder of paragraph 38.

39.     YellowPages.com states that the "Terms and Conditions for Internet Advertising" speak for themselves and denies the allegations of paragraph 39 to the extent inconsistent with those Terms and Conditions

40.     YellowPages.com admits paragraph 40.

41.     YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 41.

42.     YellowPages.com is without knowledge or information sufficient to form a belief about the truth of paragraph 42.

US2008 674583.5


43. YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 43.

44. YellowPages.com denies paragraph 44.

45. YellowPages.com denies paragraph 45.

46. YellowPages.com denies paragraph 46.

47. YellowPages.com denies paragraph 47.

48. YellowPages.com denies paragraph 48.

49. YellowPages.com denies paragraph 49.

50. YellowPages.com denies paragraph 50.

51. YellowPages.com incorporates by reference all of its previous responses to Plaintiff's allegations.

52. YellowPages.com admits that Plaintiff purports to represent a putative class but denies that class certification is appropriate. YellowPages.com further states that the Complaint's class definitions are vague and ambiguous and therefore denies paragraph 52. YellowPages.com denies any remaining allegations of paragraph 52.

53. YellowPages.com denies paragraph 53 and denies that class certification is appropriate.

54. YellowPages.com denies paragraph 54 and denies that class certification is appropriate.

55. YellowPages.com denies paragraph 55 and denies that class certification is appropriate.

US2008 674583.5

56. YellowPages.com denies paragraph 56 and denies that class certification is appropriate.

57. YellowPages.com denies paragraph 57 and denies that class certification is appropriate.

58. YellowPages.com denies paragraph 58 and denies that class certification is appropriate.

59. YellowPages.com denies paragraph 59 and denies that class certification is appropriate.

60. YellowPages.com admits that it maintains contact information for its advertisers but otherwise denies paragraph 60 and denies that class certification is appropriate.

61. YellowPages.com incorporates by reference all of its previous responses to Plaintiff's allegations.

62. YellowPages.com denies paragraph 62 and denies that class certification is appropriate.

63. YellowPages.com incorporates by reference all of its previous responses to Plaintiff's allegations.

64. YellowPages.com denies paragraph 64, denies that class certification is appropriate, and denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following paragraph 64.

US2008 674583.5

65. YellowPages.com incorporates by reference all of its previous responses to Plaintiff's allegations.

66. YellowPages.com denies paragraph 66.

67. YellowPages.com incorporates by reference all of its previous responses to Plaintiff's allegations.

68. YellowPages.com denies paragraph 68.

69. YellowPages.com denies paragraph 69.

70. YellowPages.com denies paragraph 70.

71. YellowPages.com denies paragraph 71.

72. YellowPages.com incorporates by reference all of its previous responses to Plaintiff's allegations.

73. YellowPages.com admits that Plaintiff purports to represent a putative class but denies that class certification is appropriate. YellowPages.com further states that the Complaint's class definitions are vague and ambiguous and therefore denies paragraph 73.

74. YellowPages.com denies all other allegations of the Complaint not expressly admitted above and denies that Plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This case is not appropriate for class treatment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own material breach of the contract, as are the claims of any putative class member who has not paid for advertising or who otherwise has breached the terms of the parties' advertising contract.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff or members of the putative class are barred by the voluntary payment doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff or members of the putative class for unjust enrichment are barred because an express contract exists between the parties.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims or damages of Plaintiff or members of the putative class are barred by the defenses of accord and satisfaction, release, estoppel and/or waiver, including but not limited to the claims of advertisers who previously received adjustments to their bills for advertising services.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims or damages of Plaintiff or members of the putative class are barred by the express terms of the contracts between Plaintiff and the putative class members and YellowPages.com, including but not limited to the provisions contained in the "Terms and Conditions for Internet Advertising."  Among other things, should it be determined that there is any liability to Plaintiff or to any putative class member, which YellowPages.com

denies, the "Terms and Conditions for Internet Advertising" provide that YellowPages.com's liability shall not in any event exceed the amount charged for the advertising.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred because Plaintiff and the putative class members already received all or substantially all of the benefits of the parties' contract.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred by course of dealing, custom, and trade usage.

### TENTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff or members of the putative class are barred by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff or members of the putative class are barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff or members of the putative class have been filed in violation of the forum selection clause in the "Terms and Conditions for Internet Advertising," which provides that "any action or proceeding brought by [the advertiser] under or relating to this Agreement shall be brought in a state or federal court located in the City of New York, State of New York," and further provides that the advertiser "irrevocably submit[s] to the personal jurisdiction of and irrevocably consent[s] to venue in such courts for purposes of any such action or proceeding."

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff or members of the putative class should be dismissed because of the New York choice-of-law clause in the "Terms and Conditions for Internet Advertising."

### FOURTEENTH AFFIRMATIVE DEFENSE

Prosecution of this action as a class action violates the individual litigation provision of the "Terms and Conditions of Internet Advertising," which requires claims relating to YellowPages.com advertising to be "adjudicated on an individual basis, and shall not be consolidated in any proceeding with any other claim or controversy by any other party."

### FIFTEENTH AFFIRMATIVE DEFENSE

Even assuming any written contract with Plaintiff or any member of the putative class is void, which YellowPages.com denies, such Plaintiff or member of the putative class still would be bound by an oral contract for advertising with YellowPages.com.

### SIXTEENTH AFFIRMATIVE DEFENSE

Even assuming any written contract with Plaintiff or any member of the putative class is void, which YellowPages.com denies, no recovery can be had of amounts previously paid under such void contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to prosecute a claim under the New Jersey Consumer Fraud Act, either individually or as a class representative, because Plaintiff has not suffered an ascertainable loss; and the members of the putative class have not suffered an ascertainable loss recoverable under the New Jersey Consumer Fraud Act.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

Some or all of the equitable claims of Plaintiff or members of the putative class, including the claim for unjust enrichment, are barred by unclean hands.

## **NINETEENTH AFFIRMATIVE DEFENSE**

Some or all of the unjust enrichment claim of Plaintiff or the putative class fail because no benefit has been conferred on YellowPages.com.

## **TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff or members of the putative class have failed to mitigate damages.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Some or all of the claims of Plaintiff or members of the putative class fail due to the existence of a binding oral agreement.

WHEREFORE, Defendant YellowPages.com, LLC prays as follows:

1. That class treatment be rejected in this case;

2. That the Complaint be dismissed on the merits with prejudice;

3. That Plaintiff pays the costs of this action and, to the extent authorized by law, reimburse YellowPages.com for its attorneys' fees and expenses of litigation; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of June, 2009.

*Pro hac vice* to be submitted for:

| | |
|---|---|
| | /s/ Michael J. Fekete_____ |
| James F. Bogan III | Michael J. Fekete |
| C. Allen Garrett Jr. | **STARK & STARK** |
| **KILPATRICK STOCKTON LLP** | 40 Lake Center Executive Park |
| 1100 Peachtree Street, Suite 2800 | 401 Route 73 North, Suite 130 |
| Atlanta, Georgia  30309 | Marlton, New Jersey 08053 |
| Telephone: (404) 815-6500 | Telephone: (856) 552-4445 |
| Facsimile: (404) 815-6555 | Facsimile: (856) 874-0133 |
| jbogan@kilpatrickstockton.com | mfekete@stark-stark.com |
| agarrett@kilpatrickstockton.com | |

*Attorneys for Defendants*

- 13 -

US2008 674583.5

Case 2:09-cv-02382-PGS-ES   Document 6   Filed 06/10/09   Page 14 of 14