## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Al Kowalski, | : | |
| | : | **Civil Action No. 09-2382 (PGS)** |
| Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Yellowpages.com, LLC, et al., | : | <u>PRETRIAL SCHEDULING ORDER</u> |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

      **THIS MATTER** having come before the Court for a scheduling conference pursuant to Fed. R. Civ. P. 16 on **December 11, 2009**; and for good cause shown,

      **IT IS on this 11th day of December, 2009,**

      **ORDERED THAT:**

<u>**PHASE I.  CLASS CERTIFICATION DISCOVERY AND MOTION PRACTICE**</u>

      This phase of discovery related to Plaintiffs's motion for class certification application is not intended to encompass full merits-related discovery but may involve some controlled discovery into aspects of the merits of Plaintiffs's claims herein relevant to the Court's evaluation of whether the requirements of Fed. R. Civ. P. 23 have been met and whether class certification is appropriate.

The following schedule shall apply to Phase I discovery:

1.    **<u>Fact Discovery Deadline</u>**.  Fact discovery pertaining to issues of class certification shall end on **August 30, 2010**.  All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2.    **<u>Motions to Amend Pleadings</u>**.  Any motion to amend pleadings must be returnable no later than **TBD**.

3.    **<u>Rule 26 Disclosures</u>**.  The parties shall exchange disclosures as required pursuant to Fed. R. Civ. P. 26.  Plaintiffs's disclosures shall be due no later than **January 15, 2010.**  There shall be no limit to the number of requests for the production of documents.

4.   **Interrogatories**.  The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts and requests for production of documents, on or before **February 15, 2010**, which shall be responded to by **March 26, 2010**.  There shall be no limit to the number of requests for the production of documents.

5.   Plaintiff shall file its motion for class certification, along with any supporting fact affidavits and/or declarations, including any expert reports and/or affidavits/declarations relied upon in connection therewith and subject to the provisions of Fed. R. Civ. Proc. 26(a)(2), no later than **February 14, 2011**.

6.   Defendants shall file its Opposition to the Plaintiffs's motion for class certification no later than **March 14, 2011**.

7.   Plaintiffs shall file their respective reply papers in connection with its motion for class certification no later than **April 8, 2011**.

8.   The parties shall serve its written discovery requests, including any addressed to fact witnesses as well as any affiants/declarants and/or experts Plaintiff relies upon, within ten (10) days after Plaintiff serves its motion for class certification, <u>e.g.</u>, **TBD**.

9.   Depositions of any fact witnesses, as well as any affiants/declarants and or experts hte parties are to rely upon in support of the Plaintiff's motion for class certification, and/or Defendants's opposition, shall occur within thirty (30) days after Defendants's receipt of responses to Defendants's written discovery requests, <u>e.g.</u>, no later than **TBD** (30 days from which responses to interrogatories are due)

10.  Plaintiffs shall serve its written discovery requests, including any addressed to any fact witnesses as well as any affiants/declarants and/or experts relied upon by Defendants in connection with its opposition to the Plaintiffs's motion for class certificationm within ten (10) days after the Defendants serves its papers in opposition to said motion, <u>e.g.</u>, no later than **TBD**.

11.  Defendants shall provide responses to the Plaintiffs's written discovery requests within twenty (20) days thereof, <u>e.g.</u>, no later than **TBD**.

12.  All depositions of any such fact witnesses, as well as any affiants/declarants and/or experts that Defendants may rely upon, shall occur within thirty (30) days after Plaintiffs receive Defendants's responses to Plaintiffs's written discovery requests, <u>e.g.</u>, no later than **TBD**.

13.  In the event of a dispute, the parties are obligated to meet and confer in a good faith effort

to amicably resolve said dispute in accordance with the Local Civil Rules.

## I. EXPERTS

1.    **Affirmative Expert Reports**.  Designation of all affirmative expert reports regarding class issues shall be delivered by **September 15, 2010**.

2.    **Rebuttal Expert Reports**.  All rebuttal expert reports regarding class issues shall be delivered by **November 15, 2010**.

3.    **Supplemental Expert Reports**.  All supplemental expert reports regarding class issues shall be delivered by **December 15, 2010**.

4.    **Close of Expert Discovery**.  All expert discovery pertaining to issues of class certification shall end on **January 14, 2011**.

5.    **Form and Content of Expert Reports**.  All expert reports must comport with the form and content requirements set forth in Fed. R. Civ. P. 26(a)(2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

## PHASE II.  POST CLASS CERTIFICATION MOTION MERITS DISCOVERY

To commence four (4) weeks after a decision on Plaintiffs's class certification motion. There will be an in-person scheduling conference on a date so designated by the Court for the purpose of entering a scheduling order governing Phase II pre-trial and discovery proceedings.

1.    **Motions to Add New Parties**.  Any motion to add new parties, whether by amended or third-party complaint, must be returnable no later than **TBD**.

## I. DISCOVERY IN GENERAL

1.    **Electronic Discovery**.  The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection.  The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.

2.    **Discovery Disputes**.  No discovery motion or motion for sanctions for failure to provide

discovery shall be made without prior leave of Court.  Counsel shall confer in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal efforts fail, the aggrieved party shall bring the dispute to the Court's attention in the first instance by a brief letter, not to exceed 5 pages, outlining the dispute.  The other party will then be permitted to submit a brief opposition letter, not to exceed 5 pages.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute.  *See* L. Civ. R. 16.1(f).

3.   **Motion Practice**.  No motions are to be filed without prior written permission from this Court.  All dispositive motions must first be the subject of a dispositive motion pre-hearing.  These pre-requisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), Appendix N, and L. Civ. R. 78.1.

## II.  FINAL PRETRIAL CONFERENCE

1.   **Final Pretrial Conference**.  A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) **[Final Pre-Trial].**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial Conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

2.   **Trial Exhibits**.  Not later than **twenty (20) working days** before the final pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

3.   **Meet and Confer**.  All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

4.   **Non-Jury Trials**.  With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

5.   **Joint Proposed Final Pretrial Order**.  The original joint proposed final pretrial order shall be delivered to the chambers of the undersigned no later than **ten (10) days** prior to the final pretrial conference.

6.      **Settlement Discussions**.  The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.


# III.  MISCELLANEOUS

1.      **Future Conferences**.  The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

2.      **Extensions and Adjournments**.  All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing via facsimile [(973) 645-2469]. Said written request must include the following information: (a) the reason for the request, (b) whether or not all parties consent to the request, (c) the number of prior requests, and (d) the amount of additional time sought.  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court – even with consent of all counsel.

3.      **Service of Correspondence**.  A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action, unless otherwise directed by the Court.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

4.      **Facsimiles**.  As a courtesy to the parties, the undersigned accepts the following by facsimile [(973) 645-2469]: (a) confidential status letters, (b) joint discovery plans, (c) *pro hac vice* applications, (d) proposed orders, and (e) any other document that is five (5) pages or less. The parties can request telephonic permission from any member of the undersigned's staff to submit any other documents via facsimile.

5.      ***Pro Hac Vice* Applications**.  The undersigned accepts informal applications to admit counsel *pro hac vice*.  The informal application must include: (a) an affidavit of local counsel, (b) an affidavit of counsel seeking admission *pro hac vice*, and (c) a proposed form of order.  The undersigned encourages all parties to consult L. Civ. R. 101.1 (c), and the related commentary in Lite, *N.J. Federal Practice Rules* (Gann 2007), for information about the form and content of the aforementioned affidavits and proposed form of order.

6.      **Protective Orders**.  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  *See also Pansy v.*

*Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  *See* Local Civil Rule 5.3.

7. **Audio/Visual Equipment**.  The Court has various audio/visual and automated evidence presentation equipment available to the Bar for use at no cost.  This equipment includes an evidence presentation system, which consists of a document camera and a projector.  The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies, and small objects.  For further information, please contact Justin Quinn, the undersigned's Courtroom Deputy.

8. **Telephone Status Conference**.  There will be a telephone status conference before the undersigned on **April 2, 2010 at 11:00 AM.  The conference call is to be initiated by Mr. Pearlman.  One week prior to this conference**, each party must submit a confidential memorandum to the Court [via facsimile (973) 645-2469], of no more than two pages that provides an update as to the discovery process and the overall status of the case.

9. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS**.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**