**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Peter S. Pearlman, Esq.
psp@njlawfirm.com
Park 80 Plaza West – One
Saddle Brook, NJ 07663
Tel: (201) 845-9600
Fax: (201) 845-9423

**LYNCH LAW FIRM, P.C.**
Paul I. Perkins, Esq.
paulperkins@lynchlawyers.com
45 Eisenhower Drive, 3d Floor
Paramus, NJ 07652
Tel: (800) 656-9529
Fax: (888) 271-9726
*Attorneys for the Plaintiff and the Class*

| | |
|---|---|
| AL KOWALSKI d/b/a KOWALSKI PLUMBING AND HEATING, and MICHELLE WINICK d/b/a MICHELLE WINICK DESIGN, and MICHAEL GIDRO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-v<br><br>YELLOWPAGES.COM, LLC,<br><br>Defendant. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO. 09-2382 (PGS) – (ES) |

**CERTIFICATION OF AL KOWALSKI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT, YELLOWPAGES.COM, LLC'S MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT OF NEW YORK**

1. I am a resident of New Jersey and perform work throughout Bergen County as a plumber and inspector.

{00154432.DOC}

2. On October 31, 2008, I contacted Yellow Pages.com to learn more about advertising on the Internet.

3. I was directed to speak to a Yellow Pages.com telephone sales representative. The representative with whom I spoke was Royce Brown.

4. During that call, I told Mr. Brown that I wanted information as to price and where my ad would appear before I would sign up.

5. Mr. Brown told me he would send me this information but that he needed to first record my assent to certain terms and conditions before he could send me the information I needed.

6. When he was recording my voice, he was simply stating the terms of the contract. He never stated that I had agreed to the terms and conditions and was aware that I was signing up for a contract and was to be bound by this contract.

7. Mr. Brown told me that this process was purely procedural and I would be able to review the terms and conditions of the contract at a later date and decide then if I wanted to purchase Yellow Pages.com's services.

8. Mr. Brown began recording and asked me to state that I had assented to certain terms and conditions. I began questioning what Mr. Brown was saying because we had not discussed any specific terms or conditions.

9. It seemed to me that Mr. Brown stopped recording and told me that I had to agree with what he was saying if I was going to get a copy of the contract with the information on pricing and ad placement that I had requested.

10. Without being able to see what he was doing, it then seemed to me that Mr. Brown commenced the recording.

11. Mr. Brown only recorded certain terms related to price and certain categories where my ad would appear, but never mentioned any terms like that I had to sue Yellowpages.com in New York or any of the other terms that later appeared by facsimile.

12. Mr. Brown told me that I would receive everything by facsimile and I would be able to review it then and either accept or reject the deal.

13. In fact, Mr. Brown never mentioned that there were any other additional terms and conditions to the contract.

14. I later received the Terms and Conditions of Internet Advertising (the "Terms and Conditions"). I had not agreed to any of the terms contained therein.

15. On the following Monday, after reviewing all of the terms and conditions that were sent to me, I called to tell them I was not interested in signing up.

16. I was told that I it was too late for me to change my mind and that, unbeknownst to me, I had already signed up as contained within the terms and conditions was a provision that stated that my recorded assent to the contract was all that was needed to bind me to the contract. This was never told to me before I supposedly signed up.

17. I never signed either of the forms or returned anything to Yellowpages.com.

18. Without my permission, Yellowpages began posting my information online and billing me.


FROM :KOWALSKI PLUMBING & HEATING        FAX NO. :2017087252        Mar. 01 2010 05:08PM P1

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this ~~1~~ 1ˢᵗ day of ~~February~~ MARCH, 2010.

_____
AL KOWALSKI

{00154432.DOC}